IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| E.T. b/n/f AARON TASSIN AND APRIL TASSIN, Plaintiffs, | § § § § | |
| v. | § § | C.A. No. 6:24-cv-00067 |
| EARLY INDEPENDENT SCHOOL DISTRICT, Defendant. | § § § § | JURY DEMAND |

**PLAINTIFFS' ORIGINAL COMPLAINT**

NOW COMES E.T., a minor, by her natural parents and next friends Aaron Tassin and April Tassin (collectively "the Plaintiffs") and files this their *Original Complaint* alleging that the Early Independent School District (hereinafter referred to as "EISD" or "the School District"), violated the various rights of E.T. and Aaron Tassin as more specifically pled herein. Plaintiffs reserve the right to replead if new claims and issues arise upon further development of the facts, as permitted by law. In support, thereof Plaintiffs would respectfully show this tribunal the following:

**I. BRIEF INTRODUCTION TO THE CASE**

1. While playing on the school playground one day, E.T. hit her head on a pole and suffered some bruising, likely an incident that has occurred and will continue to occur multiple times across this state and country. By itself, not the 'kind of stuff' upon which a lawsuit can lie. Unfortunately because of the acts and omissions of School District Officials they have turned this otherwise day-to-day occurrence in a 'federal case.' First, they brought E.T. into a closed room, surrounded by adults and forced her to admit her parents had injured her. When

    father found out about this tactic he became, understandably so, very, very, upset. Only after father complained did Staff retaliate, and call the local Child Protective Services to investigate the family for child abuse. The State Investigator did so and found that claim against the family was without merit. Moreover, and particularly telling, that the child was "interrogated like a prisoner of war." Father again complained and now in a much more public arena. Staff retaliated again, this time filing various criminal claims against father.

2. For the reasons more fully specified herein, Plaintiffs file this *Original Complaint* as contemplated by the First Amendment to the United States Constitution; the Fourth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution and a state law claim pursuant to the Texas Civil Practice and Remedies Code.

## II. JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §1331 and 1343 because the matters in controversy arise under the constitution and laws of the United States.

4. This Court also has supplemental jurisdiction over various state and common law claims pursuant to 28 U.S.C. § 1367.

## III. VENUE

5. Under 28 U.S.C. §1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Texas, San Angelo Division.

## IV. PARTIES

6. E.T. lives with her parents at 360 County Road 319, Early, Texas 76802. At all times pertinent to this case, E.T. was a student in EISD.

7. Aaron Tassin and April Tassin, as next friends of E.T., live at 360 County Road 319, Early, Texas 76802.

8. Aaron Tassin, in his Individual Capacity, lives at 360 County Road 319, Early, Texas 76802.

9. The Early Independent School District is a school district organized under the laws of the State of Texas. It may be served through its Superintendent, Dr. Dewayne Wilkins, P.O. Box 3315, Early, Texas 76803, (325) 646-7934 [Telephone], (325) 646-9238 [Facsimile], earlyisd@earlyisd.net [Email].

## V. STATEMENT OF FACTS

### A. ABOUT E.T.

10. E.T. was born on August 21, 2007. She is currently seven (7) years old.

11. She was enrolled within the Early ISD for all times relevant to this complaint. While in the EISD, she was enrolled at the Early Primary School.

### B. E.T. IS TARGETED AND INTERROGATED

12. On or about September 6, 2022, E.T. was at school at the Early Primary School. E.T. went to recess and was playing on the playground when she hit her face on a pole.

13. Over the next twenty-four (24) hours, a bruise developed around E.T.'s eye and forehead.

14. On or about September 7, 2022, E.T. returned to school at the Early Primary School, as usual.

15. However, upon seeing E.T.'s bruised face, E.T. was pulled into an office by Ms. Teresa

Cooley, Principal; Ms. Janaka Ray, Teacher; and Ms. Buddi Groom, Counselor.

16. Ms. Cooley, Ms. Ray, and Ms. Groom purportedly suspected some kind of physical abuse of E.T. by either Aaron Tassin, or by her mother.

17. However, at no point did Ms. Cooley, Ms. Ray, or Ms. Groom report the suspected abuse to Child Protective Services ("CPS").

18. Instead, Ms. Cooley, Ms. Ray and Ms. Groom interrogated E.T. for a significant amount of time alone, until E.T. broke down into tears.

19. At no time was E.T. permitted to leave the room, permitted to call her parents, or permitted to have her parents present during questioning.

20. During that time, Ms. Cooley, Ms. Ray, and Ms. Groom upon reason and belief told E.T. that her mother had hit her, causing the bruise on her face. However, this was a self-serving fabrication.

21. Nevertheless, these three school employees persisted.

22. In an effort to make the interrogation stop, E.T. eventually nodded her head 'yes' to the allegation that her mother had hit her, even though E.T. has never been physically abused by her parents.

23. After E.T.'s parents learned of this, they were understandably upset. They were told by Ms. Cooley and Ms. Groom that the school could not have contacted Aaron or April Tassin while abuse was suspected.

24. Instead of apologizing for the interrogation, Ms. Cooley and Ms. Groom submitted a complaint to Child Protective Services ("CPS") alleging that E.T.'s parents were abusing her.

25. Aaron Tassin was subsequently contacted by CPS, who conducted an investigation. No wrongdoing was found on the part of Aaron Tassin or on the part of E.T.'s mother.

26. Instead, Aaron Tassin was told by the CPS investigator that it appeared E.T. had been "interrogated like a prisoner of war."

27. Further, Aaron Tassin was informed that Ms. Cooley, Ms. Ray, and Ms. Groom were not authorized to question E.T. in the way that they did, and that they lacked proper training by the District.

28. The CPS investigator subsequently provided training to them independently from the District.

29. Aaron Tassin complained about E.T.'s interrogation to Ms. Cooley and Ms. Groom - however, he and his family were never issued an apology nor any other redress for the interrogation that E.T. was subjected to.

30. Since this time, E.T. has been suspected of having Post-Traumatic Stress Disorder ("PTSD") by her pediatrician as a result of the interrogation. E.T. explained to Aaron Tassin that she had been scared and eventually just told Cooley and Groom what they seemed to wanted to hear.

31. Further, Aaron Tassin made a public post on Facebook detailing his concerns about the interrogation and what E.T. was subjected to by Ms. Cooley and Ms. Groom.

C.  **AARON TASSIN IS RETALIATED AGAINST FOR HIS ADVOCACY**

32. Following the above-referenced incident, Aaron Tassin continued to advocate on his daughter's behalf.

33. On April 17, 2023, Ms. Cooley emailed Aaron Tassin suggesting that E.T. would need to be held back in kindergarten due to absences.

34. However, many of E.T.'s absences should have been excused but for some reason were not. For example, there was a declared disaster on or about January 30, 2023, during which E.T. was absent due to extreme weather. However, she was marked with an unexcused absence.

35. Further, some of E.T.'s absences were a result of being sent home sick by the school nurse at Early Primary–surely, these should have been excused but appear to have been intentionally recorded in retaliation against Aaron Tassin and E.T.

36. The concern over absences came to a head on or about April 18, 2023.

37. In the afternoon on April 18, 2023, Aaron Tassin was waiting in the school lobby to pick E.T. up early from school to take her to a doctor's appointment.

38. While Aaron Tassin was waiting, Ms. Cooley approached him.

39. Ms. Cooley proceeded to loudly chastize Aaron Tassin for E.T.'s attendance record in front of other people, disclosing private information about E.T. and her educational records.

40. Ms. Cooley continued to loudly and aggressively talk down to Aaron Tassin She also loudly threatened him with truancy violations–all of which the other individuals in the lobby could hear.

41. Aaron Tassin asked Ms. Cooley to hold off on that conversation for another time, and when other members of the community were not present.

42. In response to Aaron Tassin's reaction, on or about April 20, 2023, Ms. Cooley filed a truancy complaint against Aaron Tassin. Importantly, she did not file the same charges

against E.T.'s mother.

43. Regardless, Aaron Tassin continued to advocate on his daughter's behalf.

44. On or about November 23, 2023, Aaron Tassin went to the Early ISD Central Office to inquire about the pending truancy violation.

45. Instead, Aaron Tassin was escorted from the building and again was retaliated against. Aaron Tassin was trespassed from EISD and its properties as a result of his advocacy. Specifically, he was issued a criminal trespass warning by then-Superintendent Joseph Simmons, stating that Aaron Tassin was prohibited from accessing any EISD campus or property unless given explicit written authorization from an EISD administrator.

46. The truancy filing against Aaron Tassin was subsequently dismissed on September 23, 2023.

## VI. STATE ACTION

47. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

48. The Early ISD, in any and all matters, was acting under the color of state law when they subjected E.T. and Aaron Tassin to the wrongs set forth herein.

## VII. CLAIMS PURSUANT TO THE U.S. CONSTITUTION

49. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

A. CLAIMS RELATED TO THE 1st AMENDMENT TO THE U.S. CONSTITUTION

50. Plaintiffs contend that due to the acts and omissions of the EISD, Aaron Tassin was a victim of retaliation based upon his advocacy on E.T.'s behalf, a separate cause of action pursuant

to the U.S. Constitution.

B    CLAIMS RELATED TO THE 4TH AMENDMENT TO THE US CONSTITUTION

51. Plaintiffs contend that the acts and omissions of Defendant violated the rights of the Student pursuant to the Fourth Amendment of the Constitution of the United States for which they seek recovery pursuant to 42 U.S.C. §1983. Specifically, that the restraint of E.T.–by and through keeping her alone in a closed room and interrogating her–was unnecessary and in addition and in the alternative was excessive.

52. Such failures by the School District were a moving force in violating the rights of the Student, as contemplated by Due Process of the Fourteenth Amendment of the Constitution of the United States, for which she seeks recovery pursuant to 42 U.S.C. §1983.

C.    CLAIMS RELATED TO THE 14TH AMENDMENT SChEarlyTO THE U.S. CONSTITUTION

    1.    Due Process Claims

53. During the relevant time period contemplated by this cause of action, EISD—by and through its designees—had an actual policy, practice, and custom of conscious and deliberate indifference to federal and state law–including Section 261.107 of the Texas Family Code–federal and state administrative directives, and EISD's own policies and procedures regarding the treatment of E.T.and such failures were a moving force in the injuries to her for which her parent seeks recovery pursuant to 42 U.S.C. §1983.

54. Plaintiffs assert that EISD failed to sufficiently train staff to address the needs of children in general– including E.T., thereby violating her rights pursuant to the Fourteenth Amendment

of the Constitution of the United States, for which she seeks recovery pursuant to 42 U.S.C. §1983.

55. In addition, Plaintiffs contend that EISD failed to sufficiently supervise staff regarding addressing the needs of children in general, including E.T.

56. Such failures by EISD were a moving force in violating the rights of E.T., as contemplated by Due Process of the Fourteenth Amendment of the Constitution of the United States, for which she seeks recovery pursuant to 42 U.S.C. §1983.

    2.    Equal Protection Claim

57. Such failures by EISD were a moving force in violating the rights of E.T. as a class of one, as contemplated by the Equal Protection of the Fourteenth Amendment of the Constitution of the United States for which she seeks recovery pursuant to 42 U.S.C. §1983.

## VIII. MALICIOUS PROSECUTION CLAIMS

58. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

59. Plaintiffs contend that Aaron Tassin was a victim of malicious prosecution due to the acts and omissions of the EISD pursuant to the Section 16.002 of the Texas Civil Practice and Remedies Code.

60. As discussed herein, E.T.'s absences did not amount to the requisite number of absences in a six (6) month period of the same school year to file for truancy.

61. However, a false truancy complaint was filed against Aaron Tassin by the EISD – specifically, by Ms. Teresa Cooley. This was not because of E.T.'s absences, but because of

animosity held by EISD Staff toward Aaron Tassin–lacking cause to file thereby.

62. Accordingly, Aaron Tassin has a plausible malicious prosecution claim against the EISD.

63. Moreover, it is a violation of Section 261.107 of the Texas Family Code to knowingly make a false report of truancy.

## IX. RATIFICATION AND RESPONDEAT SUPERIOR

64. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

65. The EISD School Board ratified the acts, omissions and customs of school district personnel and staff.

66. Additionally, the School Board is responsible for the acts and omissions of staff persons all pursuant to the theory of Respondeat Superior.

## X. SPOLIATION

67. Plaintiffs hereby require and demand that EISD preserve and maintain all evidence pertaining to any claim or defense related to violations, causes of action, facts, and resulting damages set forth herein and/or made the basis of this petition and request for due process, including, but not limited to, statements, photographs, videotapes, audiotapes, surveillance, security tapes, business or medical records, incident reports, telephone records, emails, text messages, electronic data/information, and any other evidence, potential evidence, or potentially discoverable documents.

68. Failure to maintain such items will constitute "spoliation" of evidence, which will necessitate use of the spoliation interference rule—an inference or presumption that any negligent or

intentional destruction of evidence was done because the evidence was unfavorable to the spoliator's case.

## XI. RELIEF REQUESTED

69. Plaintiffs seek the following relief for resolution of E.T.'s claims:

    (a) Nominal damages;

    (b) Mental anguish in the past;

    (c) Mental anguish in the future;

    (d) Mental health costs in the past;

    (e) Mental health costs in the future;

    (f) Reimbursement of past and future out-of-pocket expenses incurred but for the acts and omissions of the School District; and

    (g) For any other relief the Court may see fit to prescribe.

70. Plaintiffs seek the following relief for resolution of Aaron Tassin's claims:

    (a) Nominal damages;

    (b) Mental anguish in the past;

    (c) Mental anguish in the future;

    (d) Mental health costs in the past;

    (e) Mental health costs in the future;

    (f) Reimbursement of past and future out-of-pocket expenses incurred but for the acts and omissions of the School District; and

    (g) For any other relief the Court may see fit to prescribe.

**PRAYER**

Plaintiffs further pray for judgment against the School District in the manner and particulars noted above, and in an amount sufficient to fully compensate Plaintiffs for the elements of injuries enumerated herein, pursuant to the Texas Civil Practice and Remedies Code and the United States Constitution, and for other relief as the Court may deem just and proper in law, equity, or both.

        Respectfully submitted,

        /s/ Martin J. Cirkiel
        Martin J. Cirkiel
        State Bar No. 00783829
        Marty@cirkielaw.com [Email]

        Cirkiel Law Group, P.C.
        1901 E. Palm Valley Boulevard
        Round Rock, Texas 78664
        (512) 244-6658 [Telephone]
        (512) 244-6014 [Facsimile]; and
        REPRESENTATIVE FOR PLAINTIFFS